SUMMARY ORDER

Appellant Phillip D. Miller, pro se, appeals from the March 22, 2011 judgment of the United States District Court for the Eastern District of New York (Seybert, J.) affirming the bankruptcy court’s April 13, 2010 order directing him to disgorge $146,000. We assume the parties’ familiarity with the underlying facts and the procedural history of the case.
*692 Our review of the orders of the district courts in their capacity as appellate courts in bankruptcy cases is plenary, “meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court.” In re Duplan Corp., 212 F.3d 144, 151 (2d Cir.2000). We review the bankruptcy court’s conclusions of law de novo and its factual findings for clear error only. In re First Cnt. Fin. Corp., 377 F.3d 209, 212 (2d Cir.2004).
To the extent that Miller argues that he should not be required to disgorge any funds, and that he is entitled to an order of compensation for his work on the bankruptcy case, his claims are barred by the law of the case doctrine. Under that doctrine, “when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.” Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). A panel of this Court will not generally reconsider the decision of a previous panel unless the litigant presents a “cogent and compelling reason.” United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir.2002). This Court has already ruled that the bankruptcy court did not abuse its discretion by ordering Miller to disgorge fees he paid to himself from the debtor’s funds, or by denying his request for compensation. See Miller v. Simpson, 325 Fed.Appx. 25, 28 (2d Cir.2009) (summary order). We remanded the case only for a calculation of the amount of disgorgement. Id. Miller has not identified any cogent or compelling reason for reaching a different conclusion than the previous panel.
For the first time in his appellate brief, Miller argues that the lower courts erred by treating this matter as one involving a core bankruptcy proceeding, and that his constitutional rights were violated because he had a common-law lien on proceeds from the sale and, therefore, had a right to be heard by an Article III judge. Miller’s arguments were raised for the first time on appeal, see Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”), but are, in any event, without merit.
Miller does not contend that the $146,000 was incorrectly calculated, or does not constitute attorney’s fees, and his other arguments are largely irrelevant to the sole issue remaining in this case — the amount of disgorgement. Further, as instructed by this Court in its prior order, the bankruptcy court explained “whether, how, and on what basis it is accounting for or requiring disgorgement of the payments related to the Lots transactions,” and gave “due attention” to the transaction’s benefit to the debtor. See Miller, 325 Fed.Appx. at 27-28.
Finally, because Miller’s brief does not mention the denial of his motion to alter or amend the judgment, he has waived any challenge to that decision. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995) (finding pro se litigant abandoned an issue by failing to raise it in his appellate brief).
We have considered all of Miller’s arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.